# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL MANESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 23-cv-1234-SHM-tmp |
| HENDERSON COUNTY JAIL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2) OR PAY THE CIVIL FILING FEE

---

On November 2, 2023, Plaintiff Samuel Maness, who is incarcerated at the Henderson County Justice Complex in Lexington, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wriggleworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d. 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the last six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not accompanied by a copy of his trust account statement indicating a balance. The Court will require Plaintiff to make an effort to obtain that document. Accordingly, Plaintiff is ORDERED to submit, within thirty 30 days after the date of this order, either the entire civil filing fee[1] or a current copy of his trust account statement.[2] If Plaintiff needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore,* 114 F.3d at 605. Clerk is directed to mail Plaintiff a copy of this order. The undersigned is entering this order pursuant to Administrative Order 2023-30.

If Plaintiff timely submits the necessary document and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of only $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if the Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis,* assess the entire filing fee of $402, which increases to $405 starting December 1, 2023, from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *McGore,* 114 F.3d at 605.

IT IS SO ORDERED this 16th day of November, 2023.

s/Tu M. Pham
TU M. PHAM
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $52 for filing any civil case. Effective December 1, 2023, Administrative fee will increase to $55. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

[2] Plaintiff does not need to submit another *in forma pauperis* affidavit. If he is unable to obtain a trust account statement from prison officials, he should so notify the Court.